## JOHN C. ADAMS *v.* JOHN B. MARTIN, ETC.

**Evidence—Statements No Part of Res Gestae—Impeachment.**

The statements of McPherson in the presence of Smith are not evidence against appellee, they were made after the payment of the money to Adams and were not a part of the res gestae. Smith's testimony is important only in so far as it impairs McPherson's credibility by showing that his sworn statements are inconsistent with others made by him out of court.

### APPEAL FROM WARREN CIRCUIT COURT.

January 27, 1873.

OPINION BY JUDGE LINDSAY:

McPherson swears in his deposition not only that it was his intention to pay off the note sued on, when he paid Martin the $5,000.00, and that it was his understanding that said note was satisfied out of that payment, but that it paid the note of $600 and that he (I) was to have the note. Adams said he had neglected to bring the note with him.

If these statements are to be credited, the questions of law as to the proper application of the judgment need not be considered as it is clear the parties themselves made the application.

The reasons assigned by McPherson why he understood that the $1,500 payment satisfied the note, viz.: "that the money apid covered the note and all the items of the account which had been re-

leased" is not inconsistent with, nor does it destroy the force of his testimony on this point because he states further that the store account was properly left out for future adjudication.

The statements of McPherson in the presence of Smith are not evidence against appellee; they were made after the payment of the money to Adams, and were not a part of the res gestae.

Smith's testimony is important only in so far as it impairs McPherson's credibility by showing that his sworn statements are inconsistent with others made by him out of court.

As the foundation for impeaching McPherson in this manner had not been laid, and as no opportunity had been given him to explain the conversation spoken of by Smith, the testimony of the latter on this point ought not to be regarded as competent for any of the purposes of this litigation.

The petition of Martin contains nothing which precludes him from relying on the specific application of the $1,500 payment to the satisfaction of certain named debts owing by McPherson to Adams.

Judgment affirmed.

*Dulaney, for appellant.*

*Hines & Porter, for appellees.*